UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE PEREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>A GATES, et al.,<br><br>        Defendants. | Case No.  13-cv-05359-VC<br><br><br>**FINAL JURY INSTRUCTIONS<br>(REDLINE)** |

**INSTRUCTION NO. 1**

**RE DUTY OF JURY**

Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.  It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

United States District Court
Northern District of California

1

2

**INSTRUCTION NO. 2**

**RE BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

3

4

5

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by all the evidence that the claim is more probably true than not true.

6

7

You should base your decision on all of the evidence, regardless of which party presented it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### INSTRUCTION NO. 3
### RE TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately.

Unless otherwise stated, the instructions apply to all parties.

**INSTRUCTION NO. 4**

**RE WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

    (1) The sworn testimony of any witness;

    (2) The exhibits which are received into evidence; and

    (3) Any facts to which the lawyers have agreed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### INSTRUCTION NO. 5
### RE WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**INSTRUCTION NO. 6**
**RE CREDIBILITY OF WITNESSES**


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) The opportunity and ability of the witness to see or hear or know the things testified to;

(2) The witness's memory;

(3) The witness's manner while testifying;

(4) The witness's interest in the outcome of the case and any bias or prejudice;

(5) Whether other evidence contradicted the witness's testimony;

(6) The reasonableness of the witness's testimony in light of all the evidence; and

(7) Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

2

**INSTRUCTION NO. 7**

**RE STIPULATED FACTS**

3

4

        The parties have agreed to certain facts that were read to you.  You should therefore treat these facts as having been proved.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**INSTRUCTION NO. 7**
**RE IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness has been convicted of a crime on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

1

2

## INSTRUCTION NO. 8
## RE EXPERT OPINION

3

4

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

5

6

7

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 9**
**RE DUTY TO DELIBERATE**


When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.

Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

**INSTRUCTION NO. 10**

**RE CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY**

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## INSTRUCTION NO. 11
## RE COMMUNICATION WITH COURT

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**INSTRUCTION NO. 12**
**RE RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

1

2

**INSTRUCTION NO. 13**

**RE PARTICULAR RIGHTS – FIRST AMENDMENT RETALIATION**

3

As previously explained, the plaintiff has the burden to prove that the acts of the

4

defendants deprived him of particular rights under the United States Constitution.  In this case,

5

Plaintiff Perez alleges that Defendants Gates, Gongora, Healy, Pimentel, and Burris deprived him

6

of his rights under the First Amendment to the Constitution by retaliating against him for having

7

previously filed a lawsuit.

8

~~Under the First Amendment, a prisoner has the right to file lawsuits in the courts.  Activity~~

9

~~protected by the First Amendment is known as "protected conduct."~~

10

To prove that a defendant deprived Perez of his First Amendment rights, Perez must prove

11

the following additional elements by a preponderance of the evidence:

12

(1) Perez engaged in conduct protected under the First Amendment;

13

14

(2)  The defendant took some adverse action against Perez;

15

(3)  The adverse action would chill an inmate of ordinary firmness from future First

16

Amendment activities;

17

(4)  Perez's protected conduct was a substantial or motivating factor for the adverse action

18

by the defendant; and,

19

20

(5)  The action did not reasonably advance a legitimate correctional goal.

21

I instruct you that Perez's conduct in this case—filing a lawsuit—was protected under the

22

First Amendment and, therefore, the first element requires no proof.

23

24

25

26

27

28

United States District Court
Northern District of California

14

1

2

**INSTRUCTION NO. 14**

**RE ADVERSE ACTION**

3

4

5

  The second element of a First Amendment retaliation claim is adverse action.  An "adverse action" is one that results in any harm to a plaintiff that is more than minimal.  A threat of more than minimal harm may also constitute an adverse action, regardless of whether it is carried out.

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. 15**

**RE CHILLING EFFECT**

To prove the third element of a First Amendment retaliation claim, Perez must show that the adverse action taken by any of the defendants would chill or silence an inmate of ordinary firmness from future First Amendment activities.   To "chill" in this context means to deter a person from engaging in future activities protected by the First Amendment.  Therefore, if you find that the action a defendant took would have chilled an inmate of ordinary firmness, Perez has proven this element as to that defendant, even if Perez continued to engage in protected conduct.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INSTRUCTION NO. 16
### RE SUBSTANTIAL OR MOTIVATING FACTOR

A "substantial or motivating factor" is a significant factor.

# INSTRUCTION NO. 17
## RE LEGITIMATE CORRECTIONAL GOAL

To prevail on his retaliation claim as to any defendant, Perez must also prove that defendant's conduct did not advance a legitimate correctional goal. ~~Perez must also prove that each defendant's conduct did not advance a legitimate correctional goal.~~ Retaliation is not a legitimate correctional goal. Legitimate correctional goals can include things like preserving institutional security or stopping prison gang activity. Using prison procedures as a pretext to punish inmates who engage in First Amendment activity does not advance a legitimate correctional interest, even if prison regulations allow the defendants to use the procedure.

1

2

**INSTRUCTION NO. 18**

**RE CONSPIRACY**

3

4          In addition to alleging that each defendant individually retaliated against him, Perez also

5     alleges that the Defendants entered into a conspiracy to retaliate against him.  You may find that

6     all five of the defendants, some of the defendants, or none of the defendants entered into a

7     conspiracy.  To prove a conspiracy, Perez must show by a preponderance of the evidence that two

8     or more defendants reached an agreement or meeting of the minds to violate Perez's rights.  To be

9     liable, each participant in the conspiracy need not know the exact details of the plan, but each

10    participant must at least share the common objective of the conspiracy.  It is sufficient if the

11    defendants shared a common objective, even if they did not reach an express agreement.  The

12    agreement need not be overt and may be inferred based on circumstantial evidence.

United States District Court
Northern District of California

## ~~INSTRUCTION NO. 19~~
## ~~RE EVIDENCE FOR A LIMITED PURPOSE~~

~~If I instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.~~

**INSTRUCTION NO. 19~~20~~**

**RE CONDUCT THAT IS MALICIOUS, OPPRESSIVE, OR IN RECKLESS DISREGARD**

**OF CONSTITUTIONAL RIGHTS**

If you find that any defendant violated the plaintiff's First Amendment rights and/or conspired to violate his First Amendment rights, you will also be asked to decide whether the defendant's conduct was malicious, oppressive, or in reckless disregard of the plaintiff's First Amendment rights.

Conduct is malicious if it was accompanied by ill will, or spite, or if it was for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or his rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

**INSTRUCTION NO. 201**

This case is about whether any or all of the defendants retaliated against and/or conspired to retaliate against the plaintiff, Jesse Perez, for the exercise of his First Amendment rights.  Any decision you make should therefore be based solely on your application of the law of First Amendment retaliation and conspiracy as I have given it to you to the evidence adduced at trial, and must not be influenced by any personal agreement or disagreement you may have with the California Department of Corrections' policies.