United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE PEREZ,<br>        Plaintiff,<br>    v.<br>A GATES, et al.,<br>        Defendants. | Case No. 13-cv-05359-VC<br><br>**COURT'S PROPOSED DAMAGES PHASE JURY INSTRUCTIONS** |

### INSTRUCTION NO. 1

### RE RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

# INSTRUCTION NO. 2
## RE DAMAGES

Because you found that Defendants Anthony Gates, Daniel Gongora, Eric Healy, and Guillermo Pimentel violated Plaintiff Jesse Perez's constitutional rights, you must award him compensation for the constitutional violation.  You must also award Mr. Perez compensatory damages for any actual harm he experienced as a result of the constitutional violation.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any harm you find was caused by these defendants.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  You should consider the following:

- The nature and extent of the harm.
- The mental or emotional pain and suffering experienced by the plaintiff.

It is for you to determine what damages for actual harm, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

**INSTRUCTION NO. 3**

**RE NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

# INSTRUCTION NO. 4
## RE PUNITIVE DAMAGES

Because you found that Defendant Anthony Gates' conduct that harmed Plaintiff Jesse Perez was malicious, oppressive, or in reckless disregard of the plaintiff's rights, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

Punitive damages may not be awarded to compensate a plaintiff. The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.